# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE No. 18-CV-61824-BLOOM/Valle

YUSSUF MOHAMMED,

      *Plaintiff,*

v.

GEICO INDEMNITY CO.,

      *Defendant.*

_____/

## <u>ORDER ON MOTION TO DISMISS</u>

**THIS CAUSE** is before the Court upon Defendant Geico Indemnity Company's ("Geico") Motion to Dismiss, or Alternatively, Motion to Strike Immaterial Allegations in Plaintiff's Complaint, ECF No. [6] (the "Motion"). The Court has carefully reviewed the record, the parties' briefs, and the applicable law. For the reasons that follow, the Motion is granted in part and denied in part.

## I.    BACKGROUND

This matter stems from a lawsuit initiated by Plaintiff who filed suit in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, against Melissa Ann Boyle ("Boyle"), a non-party to the present litigation, seeking damages for personal injuries sustained in a motor vehicle accident occurring in 2006 ("Underlying Action"). *See* Notice of Removal, ECF No. [1] at ¶ 1.

According to Plaintiff's Complaint, ECF No. [1-1], on November 1, 2006, Plaintiff, a pedestrian, was injured as a result of a motor vehicle accident. *Id.* at ¶ 5. The accident was caused by Boyle. *Id.* At the time of the accident, Boyle's motor vehicle was insured by Geico.

*Id.* at ¶ 4. The policy of insurance provided Boyle $10,000.00 in liability coverage and afforded Boyle a defense in the event that litigation ensued in connection with a covered claim. *Id.* at ¶ 8. As a result of the accident, Plaintiff filed the aforementioned lawsuit against Boyle, which led to a judgment in Plaintiff's favor in excess of the policy limits. *Id.* at ¶ 6.

Plaintiff brings this action against Geico asserting common law bad faith and seeking declaratory relief. Plaintiff alleges that Geico used "staff counsel," Richard Nelson, to represent Boyle in the Underlying Action. *Id.* at ¶ 12(a). Plaintiff alleges that during the course of the Underlying Action, Geico and "staff counsel" engaged in conduct that amounted to bad faith. *Id.* ¶ 12(b)-(dd). The alleged conduct includes litigation activity and other actions that precluded a timely settlement of the Underlying Action. *Id.*

Geico filed the instant Motion on August 14, 2018. Plaintiff's Response, and Geico's Reply, timely followed. *See* ECF Nos. [10], [11].

## II. LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); see *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are

required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for "failure to state a claim upon which relief can be granted."

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *See Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304 F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cnty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). Moreover, "courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 682). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter," granting courts broad discretion in making this determination. Fed. R. Civ. P. 12(f); *see also Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318-19 (S.D. Fla. 2005); *Williams v. Eckerd Family Youth Alternative*, 908 F. Supp. 908, 910 (M.D. Fla. 1995). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Harty v. SRA/Palm Trails Plaza, LLC*, 755 F. Supp. 2d 1215, 1218 (S.D. Fla. 2010) (internal quotation and citation omitted); *see also Tarasewicz v. Royal Caribbean Cruises Ltd.*, No. 14-CIV-60885, 2015 WL 1566398, at *1 (S.D. Fla. Apr. 8, 2015) (same); *BB In Tech. Co. v. JAF, LLC*, 242 F.R.D. 632, 641 (S.D. Fla. 2007) (same); *Home Mgmt. Sols., Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *1 (S.D. Fla. Aug. 21, 2007) (same); *Action Nissan, Inc. v. Hyundai Motor Am.*, 617 F. Supp. 2d 1177, 1187 (M.D. Fla. 2008) (same).

Courts have broad discretion in considering a motion to strike under Federal Rule of Civil Procedure 12(f). *Sakolsky v. Rubin Mem'l Chapel, LLC.*, No. 07-80354-CIV, 2007 WL 3197530, at *2 (S.D. Fla. Oct. 26, 2007). However, Rule 12(f) motions to strike are considered drastic, granted sparingly and often disfavored. *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322, 1327 (S.D. Fla. 2011) ("The striking of affirmative defenses is a 'drastic remedy' generally disfavored by courts.") (citation omitted); *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir.1962)); *Fabing v. Lakeland Regional Medical Center, Inc.*, 2013 WL 593842, at *2 n. 2 (M.D. Fla. 2013) (calling Rule 12(f) "draconian sanction").

## III.    DISCUSSION

In its Motion, Geico argues that (1) the Court should strike any allegations relating to Boyle's defense counsel's conduct; (2) Plaintiff's bad faith claim contains impermissible shotgun pleadings; (3) Plaintiff's request for punitive damages must be dismissed; and (4) Plaintiff's request for attorney's fees must be dismissed.  The Court will consider each argument in turn.

### 1.    <u>Boyle's Defense Counsel's Conduct</u>

The Florida Supreme Court announced the standard for insurer good faith in *Boston Old Colony Insurance Co. v. Gutierrez,* 386 So.2d 783 (Fla. 1980).  The general standard of care that the insurer must exercise when handling claims against the insured is "the same degree of care and diligence as a person of ordinary care and prudence should exercise in the management of his own business." *Id.* at 785 (citation omitted).  Because the insured has relinquished control of all decisions regarding claims to the insurer, the insurer's standard of care requires the insurer to act "in good faith and with due regard for the interests of the insured." *Id.* (citation omitted). The extent of this good faith duty is explicitly defined in detail by the court:

> This good faith duty obligates the insurer to advise the insured of settlement opportunities, to advise as to the probable outcome of the litigation, to warn of the possibility of an excess judgment, and to advise the insured of any steps he might take to avoid the same. The insurer must investigate the facts, give fair consideration to a settlement offer that is not unreasonable under the facts, and settle, if possible, where a reasonably prudent person, faced with the prospect of paying the total recovery, would do so.

*Id.* (citations omitted).

Geico seeks to strike Paragraph 12 subsections A-I, L, N-V, X, Z, and AA-CC of the Complaint as irrelevant and immaterial.  Specifically, Geico contends the allegations in those subsections relate to the actions or inactions of defense counsel for Boyle, over which Geico had no control.  Plaintiff, on the other hand, avers that defense counsel was acting in his capacity as "staff counsel," not trial counsel, and was therefore acting as an employee of Geico.

Geico relies on a recent Eleventh Circuit case, *Kapral v. GEICO Indem. Co.*, in which an insured of Geico was sued as a result of a car accident. 723 F. App'x 768, 769 (11th Cir. 2018). Geico assigned the defense of the lawsuit to a staff attorney. *Id.* at 769-70. The lawsuit resulted in the entry of final judgment against the insured in an amount above the policy limit. *Id.* at 770. The insured then sued Geico asserting, among other claims, that Geico failed to provide counsel to adequately defend him. *Id.* The Eleventh Circuit affirmed the trial court's directed verdict on the inadequate defense claim, finding that "[u]nder Florida law, an insurer is not vicariously liable for the negligence of the attorney it retains to defend the insured, so long as the attorney is competent and qualified."

While Geico may be correct that it is not vicariously liable for staff counsel's litigation decisions, the Court declines to find at this stage that staff counsel's defense of Boyle has "no possible relation to the controversy." *Harty*, 755 F. Supp. 2d 1215, 1218. To the contrary, courts have found that all materials in the litigation file from an underlying action pertaining to coverage, benefits, liability, or damages are relevant to bad faith actions. *See e.g., Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005) ("all files pertaining to the underlying dispute which produced the alleged bad faith are discoverable"). Accordingly, Paragraph 12 subsections A-I, L, N-V, X, Z, and AA-CC will not be stricken.

## 2. <u>Shotgun Pleading</u>

Geico argues that Paragraph 12 subsections B-L, N-X, Z, and AA constitute an improper shotgun pleading. Geico contends that the allegations are ambiguous as to whether Geico is being accused of bad faith via the actions of defense counsel or its own actions. The allegations that Geico takes issue with refer to "Geico counsel," "Geico and its counsel," and "Geico and its retained counsel." Geico points to case law finding complaints to be "shotgun pleadings" that

lump together multiple defendants without specifying the acts for which each defendant is allegedly responsible. *See* ECF No. [6] at 8. Geico contends that the Court should apply the rationale of those decisions here because here even though Geico is the only Defendant because Geico cannot ascertain whether it is being accused of bad faith via the actions of Boyle's counsel. *Id.*

The Eleventh Circuit has identified four types of shotgun pleadings, one of which is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). As Geico is the only Defendant in the present case, there can be no confusion as to what party is alleged to be responsible for each act or omission. Additionally, the reference to Geico's "staff counsel" as "GEICO counsel" does not amount to a shotgun pleading. Geico's Motion to Dismiss acknowledges that it understands "GEICO counsel" to refer to Boyle's assigned counsel in the Underlying Action. *See* ECF No. [6] at 9. Accordingly, the Court finds that Geico has not provided a sufficient basis for dismissal of the Complaint as a shotgun pleading.

### 3. **Punitive Damages**

Claims for punitive damages are prohibited "[i]n any action brought against an automobile insurer for damages in excess of its policy limits." Fla. Stat. § 627.737. Courts have applied this rule to dismiss common law bad faith claims for punitive damages brought against automobile liability insurers for damages in excess of policy limits. *See, e.g.*, *Edwards v. Safeguard Ins. Co.*, 323 F. Supp. 2d 1263 (M.D. Fla. 2004). In *Edwards*, the Court reasoned that

> The plain language of § 627.737(4) precludes an award of punitive damages in "any action" brought against an automobile liability insurer for damages in excess of its policy limits. In Florida, the plain meaning of the statutory language is the first consideration of statutory construction.

…

> the legislative history of § 627.737(4) supports application of that section to all
> actions against an automobile liability insurer for damages in excess of its policy
> limits.

*Id.* at 1264-65.

Plaintiff fails to address Geico' cases, including *Edwards*, and instead argues that despite

the clear prohibition on punitive damages in § 627.737(4), punitive damages are permitted as a

doctrine of common law.  The Court rejects Plaintiff's argument.  The sole case Plaintiff relies

upon, *Nales v. State Farm Mut. Auto. Ins. Co.*, is inapposite.  *Nales* did not involve a party

seeking to recover punitive damages against an automobile liability insurer for damages in

excess of its policy, but rather whether punitive damages were recoverable against the tortfeasor

in an automobile accident.  398 So. 2d 455, 456 (Fla. 2nd DCA 1981).  Indeed, the *Nales* Court

explicitly noted that the case did not implicate "subsection (4) [of ¶ 627.737], providing that in

an action brought against an automobile liability insurer for damages in excess of its policy

limits, no claim for punitive damages shall be allowed."  *Id.* at 456.  That the doctrine of punitive

damages is a doctrine of common law has no bearing on legislation specifically precluding

punitive damages for certain types of actions, such as the present action.  Accordingly, Plaintiff's

request for punitive damages is stricken.

### 4.  <u>Attorney's Fees</u>

Plaintiff seeks attorney's fees pursuant to Florida Statute § 627.428 and § 57.105.  ECF

No. [10] at 10-12.  Section 627.428 provides that:

> Upon the rendition of a judgment or decree by any of the courts of this state
> against an insurer and in favor of any named or omnibus insured or the named
> beneficiary under a policy or contract executed by the insurer, the trial court or, in
> the event of an appeal in which the insured or beneficiary prevails, the appellate
> court shall adjudge or decree against the insurer and in favor of the insured or

> beneficiary a reasonable sum as fees or compensation for the insured's or
> beneficiary's attorney prosecuting the suit in which the recovery is had.

Although the statute authorizes an award of attorney's fees, it does so "only in a discrete set of circumstances." *Continental Cas. Co. v. Ryan Inc. E.,* 974 So.2d 368, 374 (Fla. 2008). "A 'named insured' is one who is 'designated as an insured' under the liability policy." *Id.* (quoting *Romero v. Progressive S.E. Ins. Co.,* 629 So.2d 286, 288 (Fla. 3d DCA 1993)). "An 'omnibus insured' is one who is covered by a provision in the policy but not specifically named or designated." *Ryan,* 974 So.2d at 374 (citing *Industrial Fire & Cas. Ins. Co. v. Prygrocki,* 422 So.2d 314, 315 (Fla.1982)). "A 'named beneficiary' is one who is specifically designated as such in the policy." *Ryan,* 974 So.2d at 374 (citing *Roberts v. Carter,* 350 So.2d 78, 79 (Fla. 1977)). In addition to these three groups, express assignees of an insured's contractual insurance rights may also receive an award of attorney's fees under section 627.428. *Ryan,* 974 So.2d at 377.

Plaintiff's Complaint contains no allegations from which the Court could reasonably infer that Plaintiff is a named insured, an omnibus insured, a named beneficiary under the policy, or that he received a proper assignment of rights from Boyle. Accordingly, Plaintiff's request for attorney's fees pursuant to § 627.428 is stricken.

The Court turns to Plaintiff's request for "attorney's fees pursuant to Florida Statute § 57.105's sanction provision." ECF No. [10] at 12. Section 57.105 provides that

> A motion by a party seeking sanctions under this section must be served but may
> not be filed with or presented to the court unless, within 21 days after service of
> the motion, the challenged paper, claim, defense, contention, allegation, or denial
> is not withdrawn or appropriately corrected.

Fla. Stat. § 57.105. Plaintiff has not satisfied these statutory requirements, thus his request for attorney's fees pursuant to § 57.105 is also stricken.

IV.    **CONCLUSION**

For the reasons stated herein, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Geico Indemnity Co.'s Motion to Dismiss the Amended Complaint, **ECF No. [6],** is **GRANTED in part and DENIED in part** as set forth above.

2. Plaintiff is permitted to file its Amended Complaint no later than **November 12, 2018**.

3. Should Plaintiff elect not to file its Amended Complaint by November 12, 2018, Defendant must file its Answer to the Complaint no later than **November 19, 2018.**

**DONE AND ORDERED** in Miami, Florida, this 2nd day of November, 2018.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record